FILED

DEC 12 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:19CR1016 RLW/DDN |
| JOHN KOELN, | ) ) ) |
| Defendant. | ) ) |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

A. Introduction

At all times pertinent herein:

1. Unlimited Prepaid Distribution (UPD) is a wholesaler of prepaid phones, SIM cards, airtime and other cell phone products based in the Eastern District of Missouri. A.A. is the CEO and President of UPD. UPD is a subsidiary of Communications Depot, Inc. (CDI) which is solely owned by A.A.

2. Defendant John Koeln was the Director of Finance for UPD from approximately May 2014 until April 2017. Defendant John Koeln was responsible for all day-to-day financial transactions and managing UPD's business bank accounts. UPD maintained a business checking account at Bank of America. At no time during his employment was defendant John Koeln authorized by A.A. to transfer funds from UPD's business bank accounts to pay defendant John

Koeln's personal expenses, to fund defendant John Koeln's personal brokerage account or to buy real estate for defendant John Koeln.

B. The Scheme to Defraud

Between in or about May 2015 and in or about March 2017, in the Eastern District of Missouri and elsewhere,

**JOHN KOELN**,

the defendant herein, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, which scheme and artifice to defraud is more fully described, as follows:

1. It was part of said scheme and artifice to defraud that on or about May 12, 2015, defendant John Koeln opened a bank account at First Bank in the name of Abusharbain Holding LLC. Defendant John Koeln was the only person with signatory authority on the account.

2. It was further part of said scheme and artifice to defraud that defendant John Koeln repeatedly made unauthorized transfers of funds from UPD's Bank of America business account to the Abusharbain Holding LLC First Bank account.

3. It was further part of said scheme and artifice to defraud that defendant John Koeln repeatedly made unauthorized transfers of funds from the Abusharbain Holding LLC First Bank account to defendant John Koeln's eTrade brokerage accounts.

4. It was further part of said scheme and artifice to defraud that in March 2016 and May 2016 defendant John Koeln made unauthorized cash withdrawals from the Abusharbain Holding LLC First Bank account for his own personal benefit.

5. It was further part of said scheme and artifice to defraud that on or about February 2,

2

2016, defendant John Koeln made an unauthorized withdrawal of funds from the Abusharbain Holding LLC First Bank account to obtain a cashier's check payable to U.S. Title for defendant John Koeln's purchase of real estate for his own personal benefit.

6. It was further part of said scheme and artifice to defraud that on or about May 19, 2016, defendant John Koeln made an unauthorized transfer of funds from the Abusharbain Holding LLC First Bank account to pay defendant John Koeln's loan with Capital One used to purchase a 2015 Buick Enclave.

7. It was further part of said scheme and artifice to defraud that on or about January 23, 2017, defendant John Koeln made an unauthorized transfer of funds from the Abusharbain Holding LLC First Bank account to pay defendant John Koeln's U.S. Bank loan used to purchase a boat and trailer.

8. It was further part of said scheme and artifice to defraud that defendant John Koeln transferred the stolen funds from defendant John Koeln's eTrade brokerage accounts to pay defendant John Koeln's personal expenses including credit card bills and living expenses. These transfers were not authorized by A.A. or UPD.

9. It was further part of said scheme and artifice to defraud that on or about March 14, 2017, defendant John Koeln made an unauthorized transfer of $99,975 from UPD's Bank of America account to defendant John Koeln's eTrade brokerage account ending in 8839.

10. The loss from defendant's fraud exceeded $900,000.

C. The Wiring

On or about September 5, 2016, in the Eastern District of Missouri and elsewhere,

**JOHN KOELN,**

3

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfer of $50,000 from the Abusharbain Holding LLC First Bank account in Missouri through the eTrade servers in Georgia to defendant John Koeln's eTrade Bank account ending in 8839.

In violation of Title 18, United States Code, Section 1343.

## COUNT II

The Grand Jury further charges that:

1. Paragraphs one through two of Section A and paragraphs one through ten of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. On or about September 8, 2016, in the Eastern District of Missouri and elsewhere,

**JOHN KOELN,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfer of $50,000 from the Abusharbain Holding LLC First Bank account in Missouri through the eTrade servers in Georgia to defendant John Koeln's eTrade Bank account ending in 8839.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT III

The Grand Jury further charges that:

1. Paragraphs one through two of Section A and paragraphs one through ten of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. On or about December 7, 2016, in the Eastern District of Missouri and elsewhere,

### JOHN KOELN,

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfer of $50,000 from the Abusharbain Holding LLC First Bank account in Missouri through the eTrade servers in Georgia to defendant John Koeln's eTrade Bank account ending in 8839.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT IV

The Grand Jury further charges that:

1. Paragraphs one through two of Section A and paragraphs one through ten of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. On or about December 27, 2016, in the Eastern District of Missouri and elsewhere,

### JOHN KOELN,

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent

pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfer of $80,000 from the Abusharbain Holding LLC First Bank account in Missouri through the eTrade servers in Georgia to defendant John Koeln's eTrade Bank account ending in 8839.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT V

The Grand Jury further charges that:

1. Paragraphs one through two of Section A and paragraphs one through ten of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. On or about February 12, 2017, in the Eastern District of Missouri and elsewhere,

**JOHN KOELN,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfer of $80,000 from the Abusharbain Holding LLC First Bank account in Missouri through the eTrade servers in Georgia to defendant John Koeln's eTrade Bank account ending in 8839.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $1,007,031.80.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. Real property known as 9830 West Vista Drive, Hillsboro, Missouri 63050, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as Raintree Plantation Sec 2 Lot 9, Plat Book: 075, Page: 017, as recorded in the Public Records of Jefferson County, Missouri;

    b. $211,571.53 in funds seized from E*TRADE account ending in #8345 in the name of John J. Koeln & E.E.G., JTWROS;

    c. $23,754.33 in funds seized from E*TRADE account ending in #8839 in the name of John J. Koeln and E.G.K.;

7

   d. $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7822 in the name of John J. Koeln;

   e. $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7829 in the name of E.E.G.;

   f. $340,661.24 in funds seized from American Eagle Credit Union account ending in #2319-96 in the name of John J. Koeln;

   g. $14,028.16 in funds seized from American Eagle Credit Union account ending in #2319-90 in the name of John J. Koeln;

   h. 2015 Buick Enclave Premium, VIN: 5GAKRCKD5FJ123488;

   i. 2014 Cadillac Escalade Platinum, VIN: 1GYS4DEFXER119849;

   j. 2016 203 VRX Chaparral, Hull ID #FGBU0146K516; and

   k. Coyote Manufacturing Corp, Boat Trailer, VIN: 5001B2312GN368080.

  4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL


_____
FOREPERSON


JEFFREY B. JENSEN
United States Attorney


_____
CARRIE COSTANTIN #35925
Assistant United States Attorney

9