UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CR 1016 RLW |
| | ) |
| JOHN KOELN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant John Koeln, represented by defense counsel Justin Gelfand, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the charge, the government agrees to move for the dismissal as to the defendant of Counts Two, Three, Four and Five at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's theft of funds from Unlimited Prepaid

1

Distribution between May 2015 to February 2017, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to the following (hereinafter the "Subject Property"):

      a.     Real property known as 9830 West Vista Drive, Hillsboro, Missouri 63050, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as Raintree Plantation Sec 2 Lot 9, Plat Book: 075, Page: 017, as recorded in the Public Records of Jefferson County, Missouri;

      b.     $211,571.53 in funds seized from E*TRADE account ending in #8345 in the name of John J. Koeln & E.E.G., JTWROS;

      c.     $23,754.33 in funds seized from E*TRADE account ending in #8839 in the name of John J. Koeln and E.G.K.;

2

d.      $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7822 in the name of John J. Koeln;

e.      $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7829 in the name of E.E.G.;

f.      $340,661.24 in funds seized from American Eagle Credit Union account ending in #2319-96 in the name of John J. Koeln;

g.      $14,028.16 in funds seized from American Eagle Credit Union account ending in #2319-90 in the name of John J. Koeln;

    h.      2015 Buick Enclave Premium, VIN: 5GAKRCKD5FJ123488;

    i.      2014 Cadillac Escalade Platinum, VIN: 1GYS4DEFXER119849;

    j.      2016 203 VRX Chaparral, Hull ID #FGBU0146K516; and

    k.      Coyote Manufacturing Corp, Boat Trailer, VIN: 5001B2312GN368080.

The defendant also agrees to entry of a forfeiture money judgment in the amount of $1,007,031.80. The amount of the money judgment will be reduced by the net proceeds from the forfeited assets. The United States Attorney's Office agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victim of the offense in accordance with any restitution order entered in this case.

## 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Wire Fraud are: 1) defendant devised and intended to devise a

3

scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises; 2) defendant transmitted and caused to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication; and 3) defendant did so for the purposes of executing the scheme and artifice to defraud.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Unlimited Prepaid Distribution (UPD) is a wholesaler of prepaid phones, SIM cards, airtime and other cell phone products based in the Eastern District of Missouri. A.A. is the CEO and President of UPD. UPD is a subsidiary of Communications Depot, Inc. (CDI) which is solely owned by A.A. Defendant was the Director of Finance for UPD from approximately May 2014 until April 2017 and was responsible for all day-to-day financial transactions and managing UPD's business bank accounts. UPD maintained a business checking account at Bank of America. At no time during his employment was defendant authorized by A.A. to transfer funds from UPD's business bank accounts to pay defendant's personal expenses, to fund defendant's personal brokerage account or to buy real estate for defendant.

On or about May 12, 2015, defendant opened a bank account at First Bank in the name of Abusharbain Holding LLC. Defendant was the only person with signatory authority on the account. Defendant repeatedly made unauthorized transfers of funds from UPD's Bank of America business account to the Abusharbain Holding LLC First Bank account. Defendant repeatedly made unauthorized transfers of funds from the Abusharbain Holding LLC First Bank

4

account to defendant's eTrade brokerage accounts. Defendant transferred the stolen funds from his eTrade brokerage accounts to pay his personal expenses including credit card bills and living expenses. These transfers were not authorized by A.A. or U.P.D.

Specifically, on or about September 5, 2016, September 8, 2016, and December 7, 2016, in the Eastern District of Missouri, the defendant, for the purpose of executing this scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfers of $50,000 from the Abusharbain Holding LLC First Bank account in Missouri to defendant John Koeln's eTrade Bank account ending in 8839 in Virginia.

On or about December 27, 2016 and February 12, 2017, in the Eastern District of Missouri, the defendant, for the purpose of executing this scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the ACH transfers of $80,000 from the Abusharbain Holding LLC First Bank account in Missouri to defendant John Koeln's eTrade Bank account ending in 8839 in Virginia.

In March 2016 and May 2016 defendant made unauthorized cash withdrawals from the Abusharbain Holding LLC First Bank account for his own personal benefit. On or about February 2, 2016, defendant made an unauthorized withdrawal of funds from the Abusharbain Holding LLC First Bank account to obtain a cashier's check payable to U.S. Title for defendant's

5

purchase of real estate for his own personal benefit. On or about May 19, 2016, defendant made an unauthorized transfer of funds from the Abusharbain Holding LLC First Bank account to pay defendant's Capitol One loan to purchase a 2015 Buick Enclave. On or about January 23, 2017, defendant made an unauthorized transfer of funds from the Abusharbain Holding LLC First Bank account to pay defendant's personal U.S. Bank loan used to purchase a boat and trailer. On or about March 14, 2017, defendant made an unauthorized transfer of $99,975 from UPD's Bank of America account to defendant John Koeln's eTrade brokerage account ending in 8839.

The loss from defendant's fraud was approximately $1,007,031. The defendant admits that the Subject Property constitutes or derives from proceeds traceable to his offenses.

## 5. STATUTORY PENALTIES:

As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

## 6. U.S. SENTENCING GUIDELINES: 2019 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

(1) **Base Offense Level:** The parties agree that the base offense level is seven (7) as found in Section 2B1.1 (a)(1) (Larceny, Embezzlement, and Other Forms of Theft).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a) fourteen (14) levels should be added pursuant to Section 2B1.1(b)(1)(H), because the loss was "more than $550,000" but less than $1,500,000.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply:

(a) two (2) levels should be added pursuant to Section 3B1.3, because "the defendant abused a position of public or private trust."

**c. Other Adjustment(s)/Disputed Adjustments:** none

**d. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty (20).

7

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than

8

Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

9

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all

10

relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the Subject Property as described in paragraph 2 above. The defendant also agrees to entry of a forfeiture money judgment in the amount of $1,007,031.80. The amount of the money judgment will be reduced by the net proceeds from the forfeited assets.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

11

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

12

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position

13

supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/20/20
Date

s/*Carrie Costantin*
**CARRIE COSTANTIN**
Assistant United States Attorney

10/20/2020
Date

**JOHN KOELN**
Defendant

10/20/20
Date

**JUSTIN GELFAND**
Attorney for Defendant

14