UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CR-01016 RLW |
| | ) |
| JOHN KOELN, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| ERIN KOELN, | ) |
| | ) |
| Petitioner. | ) |

## MOTION TO DISMISS PETITION

COMES NOW, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney said District, and moves this Court pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) to dismiss the claims of Erin Koeln (the "Petitioner") seeking a hearing and the return of certain forfeited property for failure to state a claim and for failure to satisfy the pleading requirements of Section 853(n)(3). In support thereof, the United States sets forth the following:

### PROCEDURAL AND FACTUAL BACKGROUND

On October 28, 2020, Defendant John Koeln ("Defendant") pled guilty to wire fraud in violation of 18 U.S.C. § 1343. Doc. 33. As part of his plea agreement, Defendant agreed that he embezzled $1,007,031 from his former employer, Unlimited Prepaid Distribution (UPD). *Id*.

1

As part of his scheme, Defendant (who was the Director of Finance of UPD) set up a bank account at First Bank in May 2015, and made numerous unauthorized and fraudulent transfers of UPD funds into the First Bank Account.  *Id*.  Defendant then made transfers of these criminal proceeds into his E*Trade brokerage accounts, to purchase real property, vehicles and boats, and to pay his personal expenses (including credit card bills and living expenses).  *Id*.

As part of the investigation in this case, the United States seized property by and through executing federal seizure warrants.  *See, e.g.*, Case No. 4:17-MJ-5253 NAB.  The United States also filed a civil forfeiture complaint against a parcel of real property.  *See* Case No: 4:17-CV-02598 HEA.  Relevant to this matter, those items included the following (collectively the "Subject Property"):

a. Real property known as 9830 West Vista Drive, Hillsboro, Missouri 63050 (the "Vista Drive Property");

b. $211,571.53 in funds seized from E*TRADE account ending in #8345 in the name of John J. Koeln & E.E.G., JTWROS (the "#8345 Account");

c. $23,754.33 in funds seized from E*TRADE account ending in #8839 in the name of John J. Koeln and E.G.K. (the "#8839 Account");

d. $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7829 in the name of E.E.G. (the "#7829 Account"); and

e. 2015 Buick Enclave Premium, VIN: 5GAKRCKD5FJ123488 (the "Enclave").

In his Guilty Plea Agreement, Defendant agreed to the forfeiture of the Subject Property, and agreed that these items are proceeds from his criminal wire fraud scheme.  *Id*.  On December

2

21, 2020, this Court entered a Preliminary Order of Forfeiture forfeiting the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.  Doc. 39.[1]

Pursuant to Rule 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the United States posted notice of the Preliminary Order of Forfeiture on an official internet government forfeiture website (www.forfeiture.gov) for at least 30 consecutive days beginning on December 23, 2020.  Said published notice advised all third parties of their right to petition the Court within thirty (30) days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.

On January 21, 2021, Petitioner filed a Petition for Hearing to Adjudicate Validity of Interest in Forfeited Property (the "Petition) wherein the Petitioner asserted that (a) she has an interest in the Subject Property as she is the owner together with Defendant and (b) that the Subject Property was unlawfully seized and continues to be unlawfully withheld.  Doc. 47.  Petitioner provides no additional facts regarding her ownership interest or allegation that the seizure was unlawful, but provides five Exhibits:

1. **Exhibit A** = a General Warrant Deed for the Vista Drive Property listing Defendant and Petitioner;

2. **Exhibit B** = a Certificate of Title for the Enclave listing owner as Defendant TOD Petitioner; a State Farm Policyholder Letter dated 1/14/2021 that is addressed to Defendant and Petitioner; a Prior Insurance Report showing that Defendant and Petitioner are both lapsed insured parties for the Enclave; and a print out of a Facebook post by Petitioner showing a picture of the Enclave and thanking Defendant;

3. **Exhibit C** = an E*Trade statement from December 2016 for the #8839 Account;

---

[1] Although not subject to the Petitioner's motion, this Court also forfeited funds in two American Eagle Credit Union accounts, funds in an E*Trade account, a 2014 Cadillac Escalade, a boat and a boat trailer.

    4.    **Exhibit D** = an E*Trade statement from May 2017 for the #8345 Account; and

    5.    **Exhibit E** = an E*Trade statement from September 2017 for the #7829 Account.

*Id*.

For the reasons cited below, the United States moves this Court to dismiss the Petition for failure to state a claim and for failure to satisfy the pleading requirements.

## LEGAL FRAMEWORK

This is an ancillary proceeding pursuant to Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n) to determine the rights of any third parties to property ordered forfeited in this criminal case. The Preliminary Order became final as to the Defendant upon sentencing, thereby extinguishing all interest the Defendant had in the forfeited property. The Preliminary Order will become final as to third parties after the conclusion of the ancillary proceeding. Rule 32.2(b)(4)(A).

The ancillary proceeding provides a judicial forum for third parties to contest criminal forfeiture on the ground that the forfeited property belongs to them, and not to the defendant. *See, e.g., United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (describing the forfeiture process, including the rights of third parties in that process); *United States v. Totaro,* 345 F.3d 989, 993-94 (8th Cir. 2003). The ancillary proceeding deals solely with the issue of ownership of the forfeited property, specifically, a petitioner's purported ownership. The ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." Advisory Committee Note to Rule 32.2; *see also United States v. White,* 675 F.3d 1073, 1077–78 (8th Cir. 2012) (noting that petitioner cannot "relitigate the nexus between the criminal acts . . . and the forfeited proceeds"); *United States v. Porchay,* 533 F.3d 704, 710 (8th Cir. 2008) ("Section 853(n) does not give a third

party the right to challenge the legality of the seizure; the plain language of the subsection indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the defendant.").

The ancillary proceeding imposes duties on both the government and putative third party petitioners. The government must first commence the proceeding by publishing notice of a forfeiture order and its intent to dispose of the forfeited property, and may provide direct written notice, to the extent practicable, to any persons known to have an alleged interest in the forfeited property. 21 U.S.C. § 853(n)(1). This notice starts a 30-day clock for third parties to assert a legal interest in the forfeited property by filing a claim with the Court. Section 853(n)(2)-(3).

A claim must comply with the pleading requirements of Section 853(n)(3), which requires that the petition (1) "be signed under penalty of perjury," (2) "set forth the nature and extent of the petitioner's right, title, or interest in the property," (3) describe "the time and circumstances of the petitioner's acquisition of the right title, or interest in the property," (4) "any additional facts supporting the petitioner's claim," and (5) "the relief sought."

If and when a third party submits a valid petition with the Court, the Court must conduct the ancillary proceeding. Rule 32.2(c)(1). In such proceeding, the petitioner bears the burden of proving by a preponderance of the evidence that he or she satisfies one of the following requirements with respect to forfeited property:

    a.    the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title,

5

      or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property….; or

  b.  the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture…

*See* 21 U.S.C. § 853(n)(6). There is no other way for a third party to prevail in in the ancillary proceeding. *See United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007); *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) (holding that the courts are not at liberty to create additional grounds for relief).

  The Court may dismiss a petition for lack of standing, for failure to state a claim, or for any other lawful reason. *See* Rule 32.2(c)(1)(A); *United States v. Sigillito*, 938 F. Supp.2d 877, 883 (E.D. Mo. 2013) (Government may move under Rule 32.2(c)(1)(A) to dismiss for failure to comply with the pleading requirements, lack of standing, or failure to state a claim on which Petitioner could prevail even if all factual allegation are true). For example, the Court may dismiss a petition for failure to state a claim where the petition does not clearly delineate whether the petition is making a claim based on Section 853(n)(6)(A) or (B). *See, e.g., United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013). No hearing is necessary if the court can dispose of the claim on the pleadings as a matter of law. *See United States v. Dempsey*, 55 F. Supp. 2d 990, 994 (E.D. Mo. 1998); *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004); *United States v. Martinez*, 228 F.3d 587, 589-590 (5th Cir. 2000); *United States v. Lavin,* 942 F.2d 177, 179–80 (3d Cir. 1991); and *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988). A motion to dismiss a petition prior to discovery

6

or a hearing is treated similarly to a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007).

If the court determines that a petitioner has no ownership interest in the forfeited property, the government shall have "clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." Section 853(n)(7). If the court determines that the petitioner has established a valid ownership interest in the forfeited property, the Court shall amend the forfeiture in accordance with its determination. Section 853(n)(6).

**ARGUMENT**

1. **The Petition should be dismissed for failure to state a valid claim**

To succeed in the ancillary proceeding, the Petitioner must show by a preponderance of the evidence that she satisfies one of the prongs under Section 853(n)(6) – that she either: (A) has an interest in the forfeited property that was superior to that of the defendant at the time of the commission of the acts which gave rise to the forfeiture, or (B) she is a bona fide purchaser for value and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6). The Petitioner has failed to state whether her claim is made pursuant to Section 853(n)(6)(A) or (B), or assert any facts that might lead this Court to conclude that her claim might satisfy either of these categories. As such, the Petition should be dismissed for failure to state a claim. *See, e.g., Sigillito*, 938 F. Supp. 2d at 883; *United States v. Preston*, 123 F. Supp. 3d 117, 126 (D.D.C. 2015), *appeal dismissed,* 2016 WL 1695327 (D.C. Cir. Apr. 7, 2016) (holding that a petition must allege facts sufficient to state a claim under either

7

853(n)(6)(A) or (B)); *Hailey*, 924 F. Supp.2d at 658 (finding that claim must state the statutory and factual basis for the claim in sufficient detail to allow the court to determine if a motion to dismiss for failure to state a claim should be granted, and that a claim must state if it is made under § 853(n)(6)(A) or (B), and must do more than state that Petitioner is the owner of the forfeited property); *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) (dismissing petition in part because Petitioner failed to specify if the claim was made under § 853(n)(6)(A) or (B)).

With respect to any potential claim pursuant to Section 853(n)(6)(A), this Court has already made a determination based upon the Defendant's admissions in his plea agreement that the Subject Property constitutes or was derived from criminal proceeds. *See* Doc. 33 (Defendant's Guilty Plea Agreement) and 39 (Preliminary Order of Forfeiture); *see also White,* 675 F.3d at 1077–78 (stating that a petitioner cannot challenge a previously entered forfeiture order finding that a particular asset constitutes criminal proceeds).   Though the United States does not bear any burden with respect to forfeitability of the Subject Property in this ancillary proceeding, the United States proffers the following facts as set forth in the Defendant's Guilty Plea Agreement, various federal seizure warrants signed by United States Magistrate Judge Nannette A. Baker, and a civil forfeiture complaint:

- As stated above, Defendant used a First Bank account to receive criminal proceeds that he diverted from victim UPD.   Between May 26, 2015, and February 10, 2017, Defendant deposited at least $864,260.39 in criminal proceeds from his wire fraud scheme into the First Bank account.

- **The Vista Drive Property** - On February 2, 2016, Cashier's Check #2500279711 in the amount of $116,827.74 was drawn on the First Bank account and made payable to U.S. Title, for the purchase of the Vista Drive Property.   The Vista Drive Property is titled to Defendant and Petitioner.

2

- **The Enclave** – This vehicle was purchased in October 2014; however, on May 19, 2016, an ACH payment of $19,052.15 was made from the First Bank account related to an auto loan on the vehicle.

- **The #8839 Account** – This account, which held a $13.30 balance on 4/26/2016, was funded solely by criminal proceeds, including $665.456.56 from the First Bank account between 4/27/2016 and 2/17/2017 and $99,975 directly from UPD's bank account.   It is held in the name of the Defendant and Petitioner.

- **The #8345 Account** - This account, which held a $0.13 balance on 4/1/2016, received at least $293,225.35 in criminal proceeds from the First Bank account between 5/20/2016 and 6/6/2017.   It is held in the name of the Defendant and Petitioner.

- **The #7829 Account** – On May 19, 2016, Defendant transferred $3,245 in criminal proceeds from the above referenced E*Trade account ending in #8839.   The United States seized this amount from the account on October 19, 2017, and left additional funds in the account that were not traced to criminal proceeds.

The Eighth Circuit has held that where forfeited property is derived from criminal proceeds, a third party can never make a successful claim under Section 853(n)(6)(A). *See Timley*, at 1130; *United States v. Hooper*, 229 F.3d 818, 821-22 (9th Cir. 2000) (finding that defendant's spouse cannot assert community property interest in criminal proceeds because the spouse's interest came into existence only after the commission of the offense). This conclusion is based on the application of the relation back doctrine, which states that the government's interest in forfeitable property vests at the time of the offense giving rise to the forfeiture. *See* 21 U.S.C. §§ 853(c) and (n)(6)(A). As such, the Petitioner cannot satisfy the Section 853(n)(6)(A) prong.

With respect to any potential claim pursuant to Section 853(n)(6)(B), in order to succeed the Petitioner must show that she (a) has a legal interest in the forfeited property, (b) acquired such interest as a bona fide purchaser for value, and (c) the interest was acquired at a time when she was reasonably without cause to believe that the property was subject to forfeiture.  *See Timley*, at 1130-31.   The Petition does not include any information that the Petitioner gave any

3

consideration for her interest, if any, in the Subject Property. However, to be sure, the courts have routinely held that a spouse or family member cannot make a successful Section 853(n)(6)(B) claim where the forfeited asset was gifted to them and/or there was no consideration paid. *See United States v. Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000) (stating that the relation back doctrine was included in section 853 as a way of avoiding gift transfers from the defendant to his wife); *United States v. Guerra*, 216 Fed. Appx. 906, 910-11 (11th Cir. 2007) (finding that a defendant's spouse was not a bona fide purchaser for value because he gave no consideration for such interest, and further stating that "love and affection" are not sufficient for purposes of Section 853(n)(6)(B)); *United States v. McHan*, 345 F.3d 262, 279 (4th Cir. 2003) (finding that a defendant's spouse who acquired property in a less than arm's-length transaction was not a bona fide purchaser); *United States v. Klemme*, 894 F. Supp.2d 1113, 1117 (E.D. Wis. 2012) (holding that a defendant's mother could not be a bona fide purchaser if she received the forfeited property as a gift).

    **2. The Petition should also be dismissed for failure to satisfy the pleading requirements of Section 853(n)(3)**

Title 21, United States Code, Section 853(n)(3) mandates that a petition "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill 2011). In other words, a petitioner must satisfy the pleading requirements in order for a court to even

4

begin considering the merits of his or her claim. *See Sigillito*, 938 F. Supp. 2d at 885 ("If the petitioner complies with the 21 U.S.C. § 853(n)(3) pleading requirements…then the court considers the merits of the petitioner's claim."). Courts have held that failure to file a petition that satisfied the statutory pleading requirements is grounds for dismissal without a hearing. *See, e.g., United States v. Caruthers*, 967 F. Supp. 2d 1286, 1288 (E.D. Mo. 2013) (dismissing petition because "allegations do not comply" with § 853(n)(3)). The Petition does not include any facts or information setting forth the nature and extent of the Petitioner's alleged interest or the time or circumstances in which she may have obtained such interest. As such, the Petitioner should also be dismissed for failure to satisfy the pleading requirements of Section 853(n)(3).

## CONCLUSION

WHEREFORE, it is respectfully requested that this Court dismiss the Petition for failure to state a claim under 21 U.S.C. § 853(n)(6), and for failure to satisfy the pleading requirements of 21 U.S.C. § 853(n)(3), and for such other and further relief as this Court deems just and proper.

Date: February 2, 2021               Respectfully submitted,

                                     SAYLER A. FLEMING
                                     United States Attorney

                                     */s/    Kyle T. Bateman*
                                     KYLE T. BATEMAN, #996646 (DC)
                                     Assistant United States Attorney
                                     Telephone: 314-539-7709
                                     Fax: 314-539-2777
                                     kyle.bateman@usdoj.gov