IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:19 CR 1016 RLW |
| | ) | |
| JOHN KOELN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

Comes now the United States of America, by and through its attorney, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and files its Response in Opposition to Defendant's Motion for Downward Variance.

On February 25, 2021, defendant filed his Sentencing Memorandum and Motion for Downward Variance.   Defendant pled guilty to one count of Wire Fraud for the theft of over a million dollars from his employer, Unlimited Prepay Distribution.   The advisory sentencing guideline range is 33 to 41 months.   PSR, para. 69.   For the reasons outlined below, the Government requests that the Court sentence defendant to 33 to 41 months.

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005).   The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history.   Second, the Court should determine if any guideline departures apply.   Finally, the Court should determine if the guideline range is

1

reasonable considering all factors listed in Title 18, United States Code, Section 3553(a).  *Haack*, 1002-1003.

The parties agree the advisory guideline range is 33 to 41 months.   Defendant does not contend that any guideline departures apply.   However, defendant asks that the Court grant a downward variance to probation.   After an examination of the statutory sentencing factors, it is clear that defendant should be sentenced to prison for 33 to 41 months.

I.  <u>Section 3553(a) Factors</u>

Title 18, United States Code, Section 3553(a) lists the following relevant factors to be considered by the Court in sentencing:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2) the need for the sentence imposed --
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 3) the kinds of sentences available;
> 4) the kinds of sentences and the sentencing range established for--
>    (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
> 5) any pertinent policy statement ---
>    (A) issued by the Sentencing Commission...
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

The application of these factors in this case supports a sentence of 33 to 41 months.

A.  <u>The Nature and Circumstances of the Offense and History and Characteristics of the</u>

<u>Defendant</u>

Defendant was the Director of Finance for Unlimited Prepaid Distribution (UPD), a

wholesaler of prepaid phones, SIM cards, airtime and other cell phone products based in St. Louis from approximately May 2014 until April 2017.   He obtained that position because A.A., the owner of UPD, knew him as the bank manager at his local Regions Bank.   A.A gave defendant this opportunity for advancement and trusted him with control of the company's finances.

Defendant betrayed A.A.'s trust by establishing an elaborate scheme that lasted for two years to steal over a million dollars from UPD.   Koeln set up a separate bank account in the company's name at First Bank for which he had sole signatory authority.   He made dozens of transfers of funds from UPC's actual bank accounts to the fraudulent account at First Bank.   He then transferred the stolen money to his personal eTrade brokerage accounts.   He also used UPC funds to purchase real estate, car and a boat and trailer.   Plea agreement, pp. 4-6.

Defendant modified transaction data within the ACH processing system to make it appear that each fraudulent transaction went to a legitimate receiving account.   After the transaction was created, he again modified the ACH system to ensure the funds went into the bank accounts set up by defendant in UPC's name without his knowledge.   PSR, para. 18.   These actions were not a momentary lapse or one-time theft; they were an elaborate scheme to embezzle over $1,000,000.

Letters from defendant's family and friends describe a devoted father and hard worker. Letters from his wife and her parents describe a selfish man who placed himself before his family. Yet the most telling letter is from the victim, A.A.   A.A. wrote:

> I relinquished control over the finances to someone I not only trusted completely, but also considered a friend.   I was led to believe that the finances I had previously handled were now being professionally managed.
> That perception was an illusion.   John stole from me—for years—and lied to my face every single day.   I had no idea.   Every day he met me with a smile and a handshake.   He knew my family, my brothers, my kids. Yet, despite the smiles and hearty laughs, he was devising and implementing a scheme to embezzle funds from UPD.

A.A. letter to Court, January 12, 2021, p. 2.

Defendant's fraud lasted for two years and involved dozens of thefts from his employer.

### B.  Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

The sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  This is a very serious white-collar crime.  Defendant stole over a million dollars through repeated fraudulent acts.  White-collar crime is not a victimless crime.  As A.A. stated in his letter, "I have come very close to having to close my entire business.  As it is, I shut down my operations in Texas and California, I significantly reduced my operation in Chicago, and I narrowed the focus of my St. Louis operation by eliminating an entire division and reducing my workforce from more than 50 people to less than 20."  A.A. letter to Court, January 12, 2021, p. 3.

Defendant cites the case of *United States v. Cole*, 765 F.3d 884 (8th Cir. 2014) in support of a sentence of probation.  However, in sentencing that defendant to probation, the Court noted that it was an "unusual, extraordinary case" in which the defendant Cole was "mostly a passive, although legally responsible, participant" in a scheme that involved, more culpable defendants who received sentences of 180 and 90 months in prison.  *Id.,* 885-886.  In contrast, defendant is the sole actor in a million dollar fraud that occurred over years.

Just punishment requires a prison sentence of 33 to 41 months.  A.A. stated:

> It is my desire to not only have my financial loss made whole, but to also have Mr. Koeln face real consequences for his actions.  This isn't a victimless crime.  This isn't something that money alone can heal.  Jobs were lost.  Salaries were cut.  Offices were closed.  Anything less than an actual extended prison sentence would be a slap on the wrist.

A.A. letter to Court, January 12, 2021, p. 4.

4

C.  Afford Adequate Deterrence to Criminal Conduct and Protect the Public

The advisory guideline sentence of 33 to 41 months is an appropriate deterrent to defendant and other white collar criminals.   Financial crime is, more than any other type of crime, subject to a defendant's cost-benefit analysis:   how much prison time is it worth doing for $1.1 million?   Certainly, the defendant's proposed sentence of probation would be worth doing for the money.   However, a sentence of 33 to 41 months makes it clear that the theft was not worth it and serves as a deterrent to defendant and others.

D.  Restitution

Defendant argues that he should receive probation so that he can pay restitution.   However, due to the quick work of the FBI, over $550,000 in stolen funds have been seized, along with real property, vehicles and a boat and trailer.   With entry of this Court's forfeiture order, the process will start to apply forfeited funds to pay restitution to the victim.

II.     Conclusion

The Government requests a sentence of 33 to 41 months in prison.   Defendant directed a large scale fraud that lasted for two years and cost his employer over a million dollars.   A significant prison sentence is appropriate punishment for his actions.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Carrie Costantin*
CARRIE COSTANTIN #35925 MO
Assistant U.S. Attorney
111 S. 10th Street, 20th Floor
St. Louis, MO 63703
(314) 539-2200

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 26, 2021, the foregoing was filed electronically with the Clerk of the Court and a copy to be served by e-mail upon all counsel of record.

                                              */s/Carrie Costantin*
                                              CARRIE COSTANTIN #35925MO
                                              Assistant United States Attorney