## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:19-CR-1016 RLW |
| JOHN KOELN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed criminal case is before the Court on third-party petitioner Erin Koeln's Petition for Hearing to Adjudicate Validity of Interest in Forfeited Property (ECF No. 47), and the United States' Motion to Dismiss Petition (ECF No. 53). Erin Koeln opposes the Motion to Dismiss (ECF No. 74). For the following reasons, Erin Koeln's Petition will be dismissed.

**I. Background**

On December 12, 2019, a federal grand jury indicted Defendant John Koeln ("Defendant") on five counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The Indictment included a forfeiture allegation. Specifically, the Indictment alleged that "defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation." Indictment (ECF No. 2 at 7). The Indictment also alleged that "[s]ubject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $1,007,031.80." (Id.) The forfeiture allegation included a list of eleven specific properties the government alleged were traceable to the wire fraud offenses. (Id. at 7-8.)

On October 28, 2020, Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 33.) As part of his Guilty Plea Agreement, Defendant admitted that he embezzled $1,007,031 from his former employer, Unlimited Prepaid Distribution ("UPD"). (Id. at 2-3.) Defendant was UPD's Director of Finance from approximately May 2014 until April 2017 and was responsible for all day-to-day financial transactions and managing UPD's business bank accounts. (Id. at 4.) As part of his scheme to defraud UPD, Defendant opened a bank account at First Bank in May 2015 in the name of Abusharbain Holding LLC, for which he was the only signatory. (Id.) Defendant repeatedly made numerous unauthorized and fraudulent transfers of UPD funds into the First Bank account. (Id.) Defendant then made transfers of these criminal proceeds from the First Bank account into his E*Trade brokerage accounts and used them to purchase real property in February 2016, to pay personal loans incurred in purchasing a 2015 Buick Enclave vehicle and a boat and trailer, and to pay his personal expenses including credit card bills and living expenses. (Id. at 4-6.) Defendant admitted that the subject property listed in the Guilty Plea Agreement "constitutes or derives from proceeds traceable to his offenses." (Id. at 6.)

Twenty-one United States Code § 853 addresses criminal forfeitures. 21 U.S.C. § 853. Under § 853, any person convicted of a federal drug-law violation punishable by more than one year of imprisonment "shall forfeit to the United States, *irrespective of any provision of State law*" "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of [the] violation." Id. § 853(a)(1) (emphasis added).

As part of the investigation in this case, the United States seized property by and through executing federal seizure warrants. See Case No. 4:17-MJ-5253 NAB (E.D. Mo.), Redacted Application and Affidavit for Seizure Warrant (ECF No. 12-1). The United States also filed a

2

civil forfeiture complaint against a parcel of real property. See Case No: 4:17-CV-02598 HEA (E.D. Mo.).

The Court entered a Preliminary Order of Forfeiture (the "Order") (ECF No. 39) on December 21, 2020. In the Order, the Court found that the United States established the requisite nexus between Defendant's offenses and the real and personal property listed therein. The government filed a verified Declaration of Publication (ECF No. 51) on January 25, 2021, which declared that it had complied with 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C) by posting a notice of forfeiture for thirty consecutive days, beginning December 23, 2020, and ending January 21, 2021.

On January 21, 2021, Erin Koeln filed the instant Petition requesting a hearing to adjudicate the validity of her interest in the following real and personal property that Defendant, her husband, agreed to forfeit to the United States as part of the Guilty Plea Agreement:

> a. Real property known as 9830 West Vista Drive, Hillsboro, Missouri 63050, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as Raintree Plantation Sec 2 Lot 9, Plat Book: 075, Page: 017, as recorded in the Public Records of Jefferson County, Missouri;
>
> b. 2015 Buick Enclave Premium, VIN [5GAKRCKD5FJ123488];[1]
>
> c. $23,754.33 in funds seized from E*TRADE account ending in #8839 in the name of John J. Koeln and E.G.K.;
>
> d. $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7822 in the name of John J. Koeln;
>
> e. $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7829 in the name of E.E.G.

(ECF No. 47 at 1; ECF No. 33 at 2-3) (referred to collectively as the "Forfeited Property").

---

[1] The Petition shows an incorrect VIN number for the 2015 Buick Enclave vehicle. Defendant's Guilty Plea Agreement (ECF No. 33 at 3, ¶ h) and the Certificate of Title (ECF No. 47-2) attached to the Petition reflect the correct VIN number, shown above in brackets. The VIN number in the Petition is for a 2014 Cadillac Escalade vehicle that Defendant also agreed to forfeit to the United States. (See id., ¶ i.)

3

## II. Legal Standard

The United States may move to dismiss a third-party petition under Federal Rule of Criminal Procedure 32.2(c)(1)(A) "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A); accord United States v. White, 675 F.3d 1073, 1077 (8th Cir. 2012). Motions to dismiss under Rule 32.2(c)(1)(A) are treated like motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). See United States v. Grossman, 501 F.3d 846, 848 (7th Cir. 2007). "Therefore, a petition should not be dismissed if the petitioner has stated 'enough facts to state a claim to relief that is plausible on its face.'" Willis Mgmt. (Vermont), Ltd. v. United States, 652 F.3d 236, 241-42 (2d Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted). For purposes of the Motion to Dismiss, the Court assumes the facts set forth in the Petition are true. Fed. R. Crim. P. 32.2(c)(1)(A). The Court is not required, however, "to accept any legal conclusions included in the petition." United States v. Sigillito, 938 F.Supp.2d 877, 883 (E.D. Mo. 2013) (citing Willis Mgmt., 652 F.3d at 242)).

## III. Evidentiary Hearing

Erin Koeln seeks a hearing to adjudicate the validity of her interest in the Forfeited Property that was seized in connection with Defendant's criminal case. The Court does not need to hold an evidentiary hearing on a petition when "it is clear that the petitioner 'could not prevail even if [a hearing] were granted.'" Sigillito, 938 F.Supp.2d at 884 (quoting White, 675 F.3d at 1081). Because the Court finds that Erin Koeln could not prevail if a hearing were held, no hearing is necessary and dismissal of the Petition is appropriate.

**IV. Discussion**

      A.  <u>Applicable Law</u>

"The procedures in [21 U.S.C. § 853] apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. § 2461(c). Relevant to the instant Petition, the procedures concerning third-party claims to forfeited property are set forth in 21 U.S.C. § 853(n), which states that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2).

A third-party petition must comply with certain pleading requirements set forth in § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." <u>United States v. Burge</u>, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011) (citing <u>United States v. Speed Joyeros, S.A.</u>, 410 F.Supp.2d 121, 124 (E.D.N.Y. 2006); <u>United States v. Loria</u>, No. 3:08cr233–2, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009)). "Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." <u>United States v. Pegg</u>, 2000 WL 34612651, at *2 (M.D. Ga. Nov. 9, 2000).

In addition, a third-party petitioner must have standing to contest the forfeiture. "Standing in forfeiture cases has 'both constitutional and statutory aspects.'" <u>United States v. Timley</u>, 507 F.3d 1125, 1129 (8th Cir. 2007) (quoting <u>United States v. One–Sixth Share of James J. Bulger in</u>

5

All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003) ("Bulger").  To establish constitutional standing, the petitioner "must . . . demonstrate an ownership or possessory interest in the [forfeited] property." Id. (quoting Bulger, 326 F.3d at 41).  This is not a difficult standard to meet.  See United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002) ("The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.")

To establish statutory standing, the petitioner "must have a legal interest." Timley, 507 F.3d at 1129. "[T]he term 'legal interest' encompasses only legally protected rights, not equitable rights." Id. To determine whether a petitioner has a legal interest, the "court must . . . look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." Id. at 1129-30; see also Willis Mgmt., 652 F.3d at 242 ("State law determines a petitioner's legal interest in the property at issue.").  If the petitioner has a legal interest under state law, federal law controls whether the interest is superior to that of the United States. United States v. Fleet, 498 F.3d 1225, 1231 (11th Cir. 2007); see 21 U.S.C. § 853(a)(1) (criminal forfeiture is "irrespective of any provision of State law").

If a third-party petitioner complies with the statutory pleading requirements of 21 U.S.C. § 853(n)(3) and has both constitutional and statutory standing, then the court has the power to conduct an ancillary hearing on the merits of the petitioner's claim.  See Timley, 507 F.3d at 1130, n.2.  To prevail, a petitioner must prove, by a preponderance of the evidence, that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole in or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

6

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6); see also White, 675 F.3d at 1081 ("[The petitioner] must either demonstrate priority of ownership in the forfeited property or establish that she was a bona fide purchaser for value of the property.").[2]

Thus, to prevail, a third-party petitioner must: (1) file a petition that complies with the pleading requirements set forth in 21 U.S.C. § 853(n)(3); (2) have constitutional and statutory standing to contest the forfeiture; and (3) establish either priority of ownership or that the petitioner is a bona fide purchaser for value. If the petitioner satisfies each of these requirements, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2); accord 21 U.S.C. § 853(n)(6).

If the petitioner does not satisfy each requirement, she is not entitled to relief. "The criminal forfeiture statute . . . does not shelter all third parties from injury, even if they are innocent of the underlying crime. Rather, the statute offers relief only to those third parties who meet its standing and pleading requirements and whose interests meet a specific set of circumstances." United States v. Preston, 123 F.Supp.3d 117, 129 (D.D.C. 2015).

B. Erin Koeln's Petition

The Petition lists the Forfeited Property as shown above and asserts that Erin Koeln "has an interest in the Forfeited Property as she is the owner of the above listed property together with her husband, John J. Koeln," and that the "Forfeited Property was unlawfully seized and

---

[2] Erin Koeln has not alleged any facts that would demonstrate she was a "bona fide purchaser for value of the right, title or interest in the property" under 21 U.S.C. § 853(n)(6)(B), or made such an argument in response to the Motion to Dismiss. As a result, the Court does not discuss this subsection of the statute further.

continues to be unlawfully withheld." (ECF No. 47 at 2, ¶¶ 3, 4.) Several exhibits are attached to the Petition, but the Petition does not refer to, describe, or explain how the exhibits support Erin Koeln's claim.

The exhibits are: (a) a General Warranty Deed dated February 5, 2016, conveying the real property known as 9830 West Vista Drive, Hillsboro, Missouri to John and Erin Koeln, husband and wife, as Tenants by the Entirety (ECF No. 47-1) (the "Real Property"); (b) a Certificate of Title to a 2015 Buick, VIN 5GAKRCKD5FJ123488, that states the owner is "Koeln John TOD Koeln Erin;" documents reflecting lapsed insurance coverage on the vehicle; and a screenshot of Erin Gallagher Koeln's Facebook page dated October 23, 2014, that includes two pictures of a vehicle and expresses thanks for birthday wishes, including the statements, "I also feel very stylish in my new car.  Thank you, John Koeln, for making me feel like a princess!" (ECF No. 47-2); (c) an E*TradeBank account statement dated December 2016 for the account ending in 8839 that shows the owners as John J. Koeln and Erin G. Koeln (ECF No. 47-3); (d) a deposit slip for an E*Trade Securities Investment Account statement dated May 31, 2017 for the account ending in #8345 that shows the owners as "John J. Koeln and Erin E. Gallagher JTWROS" (ECF No. 47-4); and (e) an E*Trade Securities Individual Retirement Account statement dated September 30, 2017 for the account ending in #7829 that shows the owner as "Erin E. Gallagher, Roth IRA ETrade Custodian" (ECF No. 47-5).

  C. <u>Erin Koeln Cannot Challenge the Legality of the Seizure</u>

To the extent Erin Koeln's Petition asserts that the Forfeited Property was unlawfully seized, as a third party to the forfeiture she "has no standing to challenge the legality of the seizure under the Fourth Amendment." <u>United States v. Porchay</u>, 533 F.3d 704, 710 (8th Cir. 2008).  "Section 853(n) does not give a third party the right to challenge the legality of the

8

seizure; the plain language of the subsection indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the defendant." Id. Erin Koeln's challenge to the legality of the seizure is dismissed for lack of standing.

### D. The United States' Motion to Dismiss

The United States moves to dismiss the Petition for failure to satisfy the pleading requirements of 21 U.S.C. § 853(n)(3), and for failure to state a claim upon which relief can be granted. Erin Koeln opposes the Motion to Dismiss and summarily asserts she has pleaded sufficient facts to state a claim for relief that is plausible on its face. As to the merits, Erin Koeln asserts she has standing because she was married to Defendant at all relevant times, and she has the requisite interest to bring a claim pursuant to 21 U.S.C. § 853(n)(2) because she has property rights under § 452.330.2 of the Missouri Revised Statutes (2010), which defines marital property.[3] Erin Koeln asserts generally that she had priority of ownership over the Government's vested interest, and states she has "filed evidence of claims for several bank accounts, real property, and a vehicle." (ECF No. 74 at 2.) With respect to the forfeited vehicle, Erin Koeln states she provided evidence it was a gift from Defendant prior to any of the charged criminal activity, and asserts that this creates a question of fact not properly addressed on a motion to dismiss.

#### 1. Pleading Requirements of 853(n)(3)

Title 21 United States Code § 853(n)(3) requires that a petition "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of [her] acquisition of the right, title, or interest in the property, any additional facts supporting

---

[3] The Petition actually cites to § 452.300.2, Mo. Rev. Stat.. This citation is erroneous, as § 452.300.2 does not concern marital property rights. Instead, it provides, "A proceeding for dissolution of marriage, legal separation, or declaration of invalidity of marriage shall be entitled: 'In re the Marriage of ………. and ………. .'" § 452.300.2, Mo. Rev. Stat. Petitioner intended to refer to § 452.330.2, Mo. Rev. Stat.

9

[her] claim, and the relief sought." These are not 'simply technical requirements, but are construed strictly to discourage false or frivolous claims.'" Preston, 123 F.Supp.3d at 125 (quoting United States v. Ceballos–Lepe, 977 F.Supp.2d 1085, 1088–89 (D. Utah 2013) (citing United States v. Ginn, 799 F.Supp.2d 645, 647 (E.D. La. 2010); Burge, 829 F.Supp.2d at 667)).

The Court agrees with the United States that Erin Koeln's Petition does not satisfy 21 U.S.C. § 853(n)(3) pleading requirements, as to some of the Forfeited Property. The Petition sets forth Erin Koeln's claim as follows: "Claimant Erin Koeln has an interest in this Forfeited Property as she is the owner of the above listed property together with her husband[.]" (ECF No. 47 at 2.) This is a bare assertion of an ownership interest that, by itself, is insufficient to meet § 853(n)(3)'s pleading requirements. As stated above, however, several exhibits accompany the Petition. Although the Petition does not refer to, describe, or explain these exhibits, the Court considers them in determining whether Erin Koeln's Petition satisfies § 853(n)(3)'s pleading requirements.

With respect to the Real Property known as 9830 West Vista Drive, Hillsboro, Missouri 63050, the General Warranty Deed attached to the Petition shows that Defendant and Erin Koeln received a conveyance of the Real Property on February 5, 2016, as tenants by the entireties. This is a sufficient assertion of the nature and extent of Erin Koeln's ownership interest in the Real Property, and of the time and circumstances of her acquisition of that interest, to satisfy the pleading requirements of § 853(n)(3).

With respect to the 2015 Buick Enclave Premium, the Certificate of Title ("Title") attached to the Petition shows the nature and extent of Erin Koeln's interest in the vehicle as a transfer on death beneficiary, and the date the interest was created. This is sufficient to satisfy the pleading requirements of § 853(n)(3).

With respect to the Forfeited Property that consists of funds seized from three E*TRADE accounts, the Petition fails to set forth the nature and extent of Erin Koeln's ownership interests in the Forfeited Property, and fails to specify the time or circumstances of her acquisition of the interests. Exhibits c., d., and e. attached to the Petition are account statements, dated after the time the charged conduct began, that show Erin Koeln has an ownership interest as to each account. The exhibits do not supply any other information, however, including the time and circumstances of her acquisition of the interests.

As a result, the Court will grant the United States' Motion to Dismiss Erin Koeln's claims as to the three E*TRADE accounts, for failure to meet § 853(n)(3)'s pleading requirements. See Fed. R. Crim. P. 32.2(c)(1)(A); see also Sigillito, 938 F.Supp.2d at 888 (dismissing petition where petitioner did not allege the nature and extent of her interest or the time and circumstances of her acquisition of the interest); United States v. Glenn, No. CR–10–084–RAW, 2012 WL 3775965, at *1-2 (E.D. Okla. Aug. 28, 2012) (dismissing petition because the petitioner failed to allege the time and circumstances of his acquisition of the right, title or interest he claimed in the property).

Defendant admitted that the funds seized from the E*TRADE accounts constituted or were derived from proceeds traceable to his offenses, and he agreed to forfeit the funds to the United States. (ECF No. 33 at 6.) The United States shall have clear right to the funds seized from the E*TRADE accounts ending in 8839, 7822, and 7829.[4]

---

[4] Even if the Court were to assume that Erin Koeln met § 853(n)(3)'s pleading requirements as to the funds seized from the three E*TRADE accounts, she has not alleged any facts that would tend to demonstrate she has a superior right, title, or interest to that of the United States under 21 U.S.C. § 853(n)(6)(A). Nor has Erin Koeln alleged facts that would tend to demonstrate she was a "bona fide purchaser for value of the right, title or interest in the property" under 21 U.S.C. § 853(n)(6)(B). As such, she cannot prevail with respect to the funds seized from the E*TRADE accounts.

*2. Petitioner's Constitutional Standing*

To establish constitutional standing, "a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property[.]" White, 675 F.3d at 1078. The Petition demonstrates that Erin Koeln has an ownership interest in the Real Property, based on the General Warranty Deed, that is sufficient to establish constitutional standing.

Erin Koeln does not establish constitutional standing as to the 2015 Buick Enclave vehicle. Erin Koeln claims in her response to the Motion to Dismiss – though not in the verified Petition – that the vehicle was a gift from Defendant before the date his criminal activity began. But the Title attached to the Petition, that demonstrates Erin Koeln's beneficial interest in the vehicle, also demonstrates she does not have legal title to or any ownership interest in the vehicle.

The Title states the vehicle's owner is "Koeln John TOD [Transfer on Death] Koeln Erin." See ECF No. 47-2. Under Missouri law, Defendant is the sole owner of the vehicle, and the transfer on death beneficiary designation does not give Erin Koeln an ownership interest until the time of the owner's death. See Johannsen v. McClain, 235 S.W.3d 86, 89 (Mo. Ct. App. 2007) ("Missouri law is clear that no enforceable interest is created in the designee of a beneficiary deed during the lifetime of the owner of the property. See Section 461.033.") (discussing Missouri's Nonprobate Transfers Law). The vehicle could be transferred without Erin Koeln's consent and her beneficiary status could be revoked at any time prior to the owner's death. See § 301.681.4(1), Mo. Rev. Stat. ("During the lifetime of a sole owner or prior to the death of the last surviving multiple owner, the signature or consent of the beneficiary or beneficiaries shall not be required for any transaction relating to the motor vehicle or trailer for

which a certificate of ownership in beneficiary form has been issued."); § 301.681.4(2) ("A certificate of ownership in beneficiary form may be revoked or the beneficiary or beneficiaries changed at any time before the death of a sole owner[.]"). In addition, the Title does not demonstrate that Erin Koeln has a possessory interest in the vehicle, and she makes no claim of a possessory interest in the Petition.

The United States' Motion to Dismiss will be granted as to the 2015 Buick Enclave vehicle, based on Erin Koeln's lack of standing. See Fed. R. Crim. P. 32.2(c)(1)(A) ("[T]he court may, on motion, dismiss the petition for lack of standing[.]"). Defendant admitted that the loan on the vehicle was paid off with proceeds from his criminal activity, and that the vehicle "constitutes or derives from proceeds traceable to his offenses." (Ex. 33 at 6.) Defendant agreed to forfeit the vehicle to the United States. The United States shall have clear right to the 2015 Buick Enclave vehicle, VIN 5GAKRCKD5FJ123488.

### 3. Petitioner's Statutory Standing

The only property that remains at issue on the Motion to Dismiss is the Real Property. To establish statutory standing, Erin Koeln "must have a legal interest" in the Real Property. See Timley, 507 F.3d at 1129; see 21 U.S.C. § 853(n)(2) (requiring a petitioner to have a "legal interest" in the property). "[T]he term 'legal interest' encompasses only legally protected rights, not equitable rights." Timley, id. To determine whether a petitioner has a legal interest, the "court must . . look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." Id. at 1129-30; see also Willis Mgmt., 652 F.3d at 242 ("State law determines a petitioner's legal interest in the property at issue.").

Erin Koeln argues in her response to the Motion to Dismiss that her "property right arises under RSMo. § 452.300.2, [sic] which defines marital property." This argument fails, as the

13

Missouri statute does not provide her with a legal interest in any of the Forfeited Property. Section § 452.330.2 defines "marital property" "[f]or purposes of sections 452.300 to 452.415 only"; id. §§ 452.300-.415 (Missouri Uniform Marriage and Divorce Act). The Eighth Circuit has held that § 452.330.2 "specifically limits its applicability to dissolution of marriage," and that "[d]ivorce law does not govern a spouse's claimed interest in forfeited property." United States v. Cochenour, 441 F.3d 599, 600-01 (8th Cir. 2006) (affirming district court's finding that petitioner had "no legal interest in the forfeited property" under § 452.330.2); see United States v. Totaro, 345 F.3d 989, 997-98 (8th Cir. 2003) (collecting cases that "have rejected state divorce law as the basis for a spouse's claim to a legal right, title, or interest in forfeited property.").

Nonetheless, though Erin Koeln does not argue this point in her response, she demonstrates a legal interest in the Real Property based on the General Warranty Deed attached to her Petition, as it shows a conveyance to Defendant and Erin Koeln as tenants by the entirety. Thus, Erin Koeln has statutory standing as to the Real Property.

### 4. Petitioner Fails to State a Claim as to the Real Property

To prevail, a third-party petitioner must prove, by a preponderance of the evidence, that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole in or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section[.]

21 U.S.C. § 853(n)(6)(A).

To establish priority of ownership under 21 U.S.C. § 853(n)(6)(A), a petitioner must show that "he [or she] had an interest in the property before the government's interest vested." Timley, 507 F.3d at 1130. "[A] third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense." Id. (cited case omitted). This is

14

because "the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests." Id. Under Section 853(n)(6)(A), "title to the forfeited property vests in the United States at the time of the defendant's criminal act." Id.

The Petition does not contain any factual allegations that, accepted as true, would demonstrate Erin Koeln has an interest in the Real Property that was vested in her rather than the Defendant, or that was superior to any interest of the Defendant before the government's interest vested. Even if she were granted a hearing, Erin Koeln could not plausibly demonstrate that she has superior title to the United States at the time of the commission of the acts that gave rise to the forfeiture, because Defendant purchased the Real Property with money he derived from those acts. See Timley, 507 F.3d at 1130.

Defendant admitted in the Guilty Plea Agreement that on or about February 2, 2016, he "made an unauthorized withdrawal of funds from the Abusharbain Holding LLC First Bank account to obtain a cashier's check payable to U.S. Title for defendant's purchase of real estate for his own personal benefit." [5] (ECF No. 33 at 5-6.) Defendant admitted, and the Court has found, that the Real Property constitutes or derives from proceeds traceable to his offenses. See Timley, 507 F.3d at 1130.

As a tenant by the entirety, Erin Koeln does not possess an interest in the Real Property superior to that of the Defendant, her husband. In a tenancy by entirety under Missouri law,

> Unities of interest, time, title and possession exist in the husband and wife. Each spouse is seized of the whole or entirety and not a share, moiety or divisible part. Thus, neither spouse owns an undivided half interest in entirety property; the whole entirety estate is vested and held in each spouse and the whole continues in the survivor.

---

[5] The General Warranty Deed is dated February 5, 2016, three days after Defendant's unauthorized fund withdrawal.

15

Ronollo v. Jacobs, 775 S.W.2d 121, 123 (Mo. 1989) (en banc) (internal citations omitted). Thus, in a tenancy by the entireties, neither spouse's interest can be superior to the other's. Indeed, the Eleventh Circuit stated in the criminal forfeiture context that the "very nature of the tenancy by the entireties prevents [a petitioner] from claiming that her title is superior to her husband's." United States v. Kennedy, 201 F.3d 1324, 1329-30 (11th Cir. 2000).

As a result, Erin Koeln fails to state a claim as to the Real Property and the United States' Motion to Dismiss is granted on that basis. See Fed. R. Crim. P. 32.2(c)(1)(A) ("[T]he court may, on motion, dismiss the petition . . . for failure to state a claim[.]") The United States shall have clear title to the Real Property.

## V. Conclusion

For the foregoing reasons, the Court will dismiss the Petition of Erin Koeln for failure to meet the pleading requirements of 21 U.S.C. § 853(n)(3), for lack of constitutional standing, and for failure to state a claim. As a result, no hearing is necessary. The United States shall have clear right to the Forfeited Property listed in Erin Koeln's Petition.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Petition is **GRANTED**. (ECF No. 53)

**IT IS FURTHER ORDERED** that Erin Koeln's Petition for Hearing to Adjudicate Validity of Interest in Forfeited Property (ECF No. 47) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the United States of America shall have clear title to the following forfeited property: (1) real property known as 9830 West Vista Drive, Hillsboro, Missouri 63050, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as Raintree Plantation Sec 2 Lot 9, Plat Book: 075, Page: 017, as recorded in

the Public Records of Jefferson County, Missouri; (2) 2015 Buick Enclave Premium, VIN 5GAKRCKD5FJ123488; (3) $23,754.33 in funds seized from E*TRADE account ending in #8839 in the name of John J. Koeln and E.G.K.; (4) $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7822 in the name of John J. Koeln; and (5) $3,245.00 in funds seized from E*TRADE Roth IRA account ending in #7829 in the name of E.E.G.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of January, 2022.